PARIENTE, J.,
specially concurring.
I agree with the majority that Porter v. McCollum, — U.S. -, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009), does not represent a fundamental change in the law, but rather merely applied Strickland to the facts of that case. However, I write to express my disagreement with the manner in which the majority sets forth the Stride- *645 land standard. In my view, it is extremely important to emphasize that the prejudice prong of Strickland is an inquiry of whether there is “a probability sufficient to undermine confidence in the outcome.” Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In fact, the United States Supreme Court in Porter ended its short opinion reversing this Court’s conclusion of no prejudice' by reiterating that the defendant does not need to “show ‘that counsel’s deficient conduct more likely than not altered the outcome’ of his penalty proceeding, but rather that he establish ‘a probability sufficient to undermine confidence in [that] outcome.’ ” Porter, 130 S.Ct. at 455-56 (quoting Strickland, 466 U.S. at 693-94, 104 S.Ct. 2052).